UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>JEFFERY BEARD, et al.,<br><br>    Defendants. | No. 2:13-cv-00925 DAD P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Before the court are plaintiff's application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, motion for the appointment of counsel, and motion for a preliminary injunction. Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Doc. No. 6.)

**I. Application for Leave to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments
2  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.
3  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
4  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
5  1915(b)(2).

**II.  Screening Requirement**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

/////

(1976). The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### III. Plaintiff's Complaint

Plaintiff is incarcerated at California State Prison - Los Angeles. In this action plaintiff challenges his housing placement and has named as defendants Jeffrey Beard, the Secretary of the California Department of Corrections and Rehabilitation (CDCR), and R. Biggs, the Appeals Examiner with the CDCR's Office of Appeals who issued a decision in response to plaintiff's inmate grievance at the third level of review denying relief.

In his complaint plaintiff alleges as follows. Plaintiff is a bisexual inmate and fears for his safety. On February 11, 2011, he appeared before the classification committee at Calipatria State Prison and explained that as a bisexual inmate he is in constant danger of being assaulted. Nonetheless, the classification committed determined that plaintiff was appropriately housed because he was unable to name any specific enemies of his. Plaintiff seeks a transfer to a level three facility and claims that his continued placement at a level four facility such as Calipatria State Prison places him in constant danger in violation of his rights under the Eighth Amendment. Plaintiff also claims that pursuant to California Penal Code § 5068 and applicable CDCR regulations he is entitled to a "special placement" unless "population pressures, case factors or budget constraints . . . prevent[] plaintiff from being provided special placement." (Complaint (ECF No. 1), ¶ 15 at 9.) Plaintiff contends that defendant Briggs violated his Eighth Amendment right to safe housing because he was aware that plaintiff faced a substantial risk of serious harm and nonetheless refused to grant plaintiff's inmate appeal seeking placement in a level three facility. Plaintiff also claims that defendant Beard's policy of denying plaintiff a safe housing transfer to a level three facility violates the Eighth Amendment.

In terms of relief, plaintiff seeks declaratory judgment that defendant Biggs' decision to deny him a special placement or safe housing violates plaintiff's rights under the Eighth Amendment as well as CDCR rules, regulations and policies. Plaintiff also seeks an injunction requiring that he be placed in a facility consistent with his placement score where other bisexual and homosexual inmates are housed.

## IV. Defendant Beard

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Here, plaintiff's complaint fails to provide specific factual allegations concerning defendant Beard's alleged involvement in the denial of plaintiff's transfer request. Rather, plaintiff merely alleges in his complaint that it is defendant Beard's policy that has resulted in plaintiff being denied the transfer he seeks. In support of this conclusory allegation plaintiff refers only to California Penal Code § 5068 which provides in part:

> The Director of Corrections shall cause each person who is newly committed to a state prison to be examined and studied. This includes the investigation of all pertinent circumstances of the person's life such as the existence of any strong community and family ties, the maintenance of which may aid in the person's rehabilitation . . . .
>
> Upon the basis of the examination and study, the Director of Corrections shall classify prisoners; and when reasonable, the director shall assign a prisoner to the institution of the appropriate security level and gender population nearest the prisoner's home, unless other classification factors make such a placement unreasonable.
>
> As used in this section, "reasonable" includes consideration of the safety of the prisoner and the institution, the length of term, and the availability of institutional programs and housing.

The allegations of plaintiff's complaint, even if true, are insufficient to demonstrate defendant Beard's personal involvement in plaintiff's classification and housing placement. The mere existence of the California Penal Code provision referred to in plaintiff's complaint does not demonstrate that defendant Bear was personally involved in the classification or housing placement decisions with respect to plaintiff. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of

/////

4

1  official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673

2  F.2d 266, 268 (9th Cir. 1982).

3        The undersigned has carefully considered whether plaintiff may amend his complaint to

4  state a cognizable claim against defendant Beard.  "Valid reasons for denying leave to amend

5  include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v.

6  Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir.1988).  See also Klamath-Lake Pharm. Ass'n

7  v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir.1983) (holding that, while leave to

8  amend shall be freely given, the court need not allow futile amendments).  As noted above,

9  defendant Beard is the Secretary of the California Department of Corrections and Rehabilitation.

10  Plaintiff has not, and almost certainly cannot, allege any facts establishing the Secretary's

11  personal involvement in decisions with respect to plaintiff's classification and housing

12  assignment.  Therefore, the undersigned concludes that any attempt by plaintiff to amend his

13  complaint with respect to claims against defendant Beard would be futile.  Accordingly,

14  plaintiff's claims against defendant Beard will be dismissed without leave to amend.

15  **V.  Defendant Briggs**

16        In his complaint plaintiff alleges that defendant Appeals Examiner Briggs violated the

17  Eighth Amendment when, at the third level of review, he endangered plaintiff's safety by denying

18  plaintiff's inmate appeal seeking a transfer.  However, in that third level inmate appeal decision

19  defendant Briggs noted that plaintiff's transfer to a level three facility was inconsistent with his

20  placement score, that there were no indications in plaintiff's central file that his safety was at risk

21  at his current institution of confinement, that plaintiff was unable to identify any specific enemies

22  that endangered his safety, and that plaintiff produced no evidence showing that his placement

23  violated CDCR policy or procedure.  (Complaint (ECF No. 1) at 20.)

24        A.  Legal Standards Applicable to an Eighth Amendment Claim

25        The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

26  Const. Amend. VIII.  The "unnecessary and wanton infliction of pain" constitutes cruel and

27  unusual punishment prohibited by the United States Constitution.  Whitley v. Albers, 475 U.S.

28  312, 319, (1986).  See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429

1  U.S. 97, 105–06 (1976).  Neither accident nor negligence constitutes cruel and unusual

2  punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that

3  characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475

4  U.S. at 319.

5        What is needed to show unnecessary and wanton infliction of pain "varies according to

6  the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992)

7  (citing Whitley, 475 U.S. at 320).  It is well established that "prison officials have a duty . . . to

8  protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S.

9  825, 833 (1994).  "Being violently assaulted in prison is simply not 'part of the penalty that

10  criminal offenders pay for their offense against society.'" Id. at 834.  However, prison officials

11  do not incur constitutional liability for every injury suffered by a prisoner at the hands of another

12  prisoner. Id.

13        To prevail on such a claim the plaintiff must allege and demonstrate that objectively he

14  suffered a "sufficiently serious" deprivation. Farmer, 511 U.S. at 834; Wilson v. Seiter, 501 U.S.

15  294, 298–99 (1991).  The plaintiff must also allege and show that subjectively each defendant had

16  a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511

17  U.S. at 834.  In this regard, a prison official violates the Eighth Amendment "only if he knows

18  that inmates face a substantial risk of serious harm and disregards that risk by failing to take

19  reasonable measures to abate it." Id. at 847.  Under this standard, a prison official must have a

20  "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or

21  safety. Id.

22        B. Analysis

23        The court finds that plaintiff has failed to allege facts in his complaint which, if proven,

24  would show that defendant inmate appeals examiner Biggs was deliberately indifferent about

25  plaintiff's safety.  The mere allegation that defendant Biggs denied plaintiff relief in response to

26  his inmate appeal seeking a transfer at the third level of review is not sufficient to state a

27  cognizable claim in light of the specifically cited absence of circumstances indicating that

28  plaintiff's safety was in danger.  In his decision defendant Biggs also noted that plaintiff could not

identify any specific person who had threatened his safety. Although a prisoner need not "await a tragic event such as an actual assault before obtaining relief," Farmer, 511 U.S. at 845 (citation and brackets omitted), a "mere naked threat" does not suffice to establish a constitutional wrong. Gault v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong."). Similarly, a "mere suspicion that an attack will occur" is not enough to support a cognizable Eighth Amendment claim. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). See also Redman v. County of San Diego, 896 F.2d 362, 366-67 (9th Cir. 1990); Tatum v. Buckley, Case No. 11-cv-04864-WHO (PR), 2013 WL 6139638, at *4 (N.D. Cal. Nov. 21, 2013) . This is because "speculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm[.]" Williams v. Woods, No. 06-55052, 223 Fed. Appx. 670, 671 (9th Cir. Mar. 1, 2007)[1] (citing Farmer, 511 U.S. at 843).

      Here, plaintiff's complaint fails to state a cognizable Eighth Amendment claim against defendant Biggs. Plaintiff's generalized fears of attack at the hands of other inmates expressed in his inmate appeal, without more, were insufficient to raise anything more than a mere suspicion on the part of an inmate appeals examiner such as defendant Biggs that an attack on plaintiff might occur. As explained above, that is an insufficient basis upon which to rest a claim for the violation of one's rights under the Eighth Amendment. Under these circumstances, and because it is apparent that the appeals examiner was not provided with any information other than plaintiff's generalized fears of harm at the hands of other prisoners, the court also finds that granting plaintiff leave to amend his complaint with respect to his claim against defendant Biggs would be futile. Therefore, this action will also be dismissed with prejudice as to defendant Biggs.

/////

/////

/////

---

[1] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

**VI. Other Motions**

    A.  Motion for Preliminary Injunction

    Plaintiff has filed a motion seeking a temporary restraining order and/or preliminary injunction requiring defendant Beard "to house plaintiff in a level three facility that houses other bisexual, homosexual, and transgender prisoners and for the placement to be carryed [sic] out immediately."  (ECF No. 4, ¶ 14 at 4.)

    The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973); see also Fed. R. Civ. P. 65; Gon v. First State Ins. Co., 871 F.2d 863 (9th Cir.1989).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  See also Center for Food Safety v. Vilsack, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After Winter, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction."); Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009).   The Ninth Circuit has found, however, that the "serious question" version of this circuit's sliding scale approach survives "when applied as part of the four-element Winter test."  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 (9th Cir.  2011).  "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  632 F.3d at 1135.  Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

/////

Here, in light of the analysis set forth above and the conclusion that plaintiff has failed to state a cognizable claim, it is clear that plaintiff has not shown that he is entitled to preliminary injunctive relief.  Therefore, plaintiff's motion for a temporary restraining order and/or preliminary injunction will be denied.

B.  Motion for Appointment of Counsel

Finally, plaintiff requests "placement before the Pro Bono project for the appointment of counsel" since he lacks funds to retain counsel.  The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  In the present case and in light of the conclusions set forth above, the court does not find the required exceptional circumstances.  Therefore, plaintiff's motion seeking the appointment of counsel will be denied.

**VII.  Conclusion**

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's May 10, 2013 application to proceed in forma pauperis (ECF No. 2) is granted;

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.  Plaintiff's May 10, 2013 motion for the appointment of counsel (ECF No. 3) is denied;

/////

4. Plaintiff's May 10, 2013 motion for preliminary injunction (ECF No. 4) is denied; and

5. This action is dismissed with prejudice for failure to state a cognizable claim.

Dated:  December 9, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tay925.56